Liu v. Sessions

BIA
Zagzoug, IJ
A087 403 213

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of August, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> DENNY CHIN,
>> *Circuit Judges.*

_____

YING LIU,
> *Petitioner,*

v.                                                      16-569
                                                        NAC

JEFFERSON B. SESSIONS, III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Aminat Sabak, Yu & Associates PLLC, New York, NY. |
| **FOR RESPONDENT:** | Joyce R. Branda, Acting Assistant Attorney General; Briena L. Strippoli, Senior Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ying Liu, a native and citizen of the People's Republic of China, seeks review of a January 28, 2016, decision of the BIA, affirming an August 5, 2014, decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Liu,* No. A087 403 213 (B.I.A. Jan. 28, 2016), *aff'g* No. A087 403 213 (Immig. Ct. N.Y. City Aug. 5, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Liu's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding an applicant's

2

"demeanor, candor, or responsiveness," and on inconsistencies in an applicant's statements and evidence, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the adverse credibility determination.

## I. Religious-Based Persecution

The crux of Liu's religious-based persecution claim is that she fears persecution because, on one occasion, she was caught distributing religious flyers and, as a result, the police wanted to arrest her. The IJ reasonably relied on inconsistencies between Liu's credible fear interview and her application and testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The inconsistencies are reflected in the record and concern the contents of the flyers, Liu's family members' participation in the distribution of flyers, and her interaction with the police in the immediate aftermath of the incident. 8 U.S.C. § 1158(b)(1)(B)(iii). To the extent Liu challenges the reliability of the credible fear interview, we need not reach

3

her unexhausted challenge. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). Regardless, the interview record is sufficiently reliable: it sets out the questions and responses, was conducted in a language Liu requested, and the questions were designed to elicit an asylum claim. *See Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009). The agency was not compelled to credit Liu's explanations that she forgot or did not know. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). Because these inconsistencies go directly to the reason Liu allegedly fled China, they provide substantial evidence for the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006).

The adverse credibility determination is bolstered by the agency's findings regarding demeanor and corroboration. We defer to the demeanor finding, particularly given the evidence of Liu's difficulty answering questions or providing explanations for inconsistencies. *Majidi*, 430 F.3d at 81 n.1; *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Moreover, Liu failed to call either her husband or brothers to testify to confirm either past events or her practice of Christianity. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *Yan Juan Chen v. Holder*, 658 F.3d 246,

4

253 (2d Cir. 2011).

**II. Forced Abortion**

The adverse credibility determination extends to Liu's claim that she suffered a forced abortion under China's family planning policy. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). And it is independently supported given the lack of detail and reliable corroboration. As the agency concluded, Liu's testimony regarding the abortion lacked detail. 8 U.S.C. § 1158(b)(1)(B)(iii); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007). And her evidence—an abortion certificate and a letter from her father—were insufficient to rehabilitate her credibility: Liu could not explain how she came to possess the certificate and her father's letter was more detailed than Liu's own testimony. *See Biao Yang*, 496 F.3d at 273; *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to weight IJ gave to evidence). Nor did the IJ err in requiring evidence corroborating Liu's forced abortion, such as Liu's husband's testimony. 8 U.S.C. § 1158(b)(1)(B)(ii); *Yan Juan Chen*, 658 F.3d at 253.

Given the multiple inconsistencies, the demeanor finding, and the lack of reliable corroborating evidence, the totality

5

of the circumstances supports the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicates. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk